UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mandela Brock,

                Plaintiff,

-against-

City of New York; Mayor Eric Adams,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/17/2022_

21 Civ. 11094 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Mandela Brock, brings this case against the City of New York, and then-mayor Bill de Blasio, alleging that an order issued by the Commissioner of the City Department of Health and Mental Hygiene requiring vaccination against COVID-19 for those working in the City violates the "constitutional and federal law." *See generally* Compl., ECF No. 2. On January 14, 2022, Plaintiff filed an amended complaint, adding Mayor Eric Adams as a defendant. ECF No. 11. Then, on January 19, 2022, Plaintiff filed a proposed order to show cause for a preliminary injunction and temporary restraining order. ECF No. 12. On January 20 and 24, 2022, Plaintiff filed letters seeking to amend his complaint to add his employer as a defendant. ECF Nos. 15, 22; *see also* ECF No. 24.

    On January 7, 2022, this Court referred this case for general pretrial purposes to the Honorable Stewart D. Aaron. ECF No. 9. Then, on January 20 and 25, 2022, this Court amended the order of reference to request that Judge Aaron resolve Plaintiff's letters requesting leave to amend the complaint, and provide the Court with a report and recommendation for the pending motion for a preliminary injunction and temporary restraining order. ECF Nos. 17 & 23.

    Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated January 28, 2022, which granted in part and denied in part Plaintiff's motion to amend the

complaint, and recommended that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied. R&R, ECF No. 25. Plaintiff timely objected to the R&R. Pl. Obj., ECF No. 26. For the reasons stated below, Plaintiff's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I. <u>Standard of Review</u>

    A. Non-Dispositive Orders

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

    B. Dispositive Orders

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" on a dispositive order. 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the report and recommendation strictly

---

[1] The Court presumes familiarity with the facts and procedural history, as detailed in the R&R, *see* R&R at 1–4, and, therefore, does not summarize them here.

for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). And, the Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). As was stated above, a report and recommendation is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.     Plaintiff's Objections

Plaintiff makes a number of objections to the R&R. *See generally* Pl. Obj. First, Plaintiff states that he "no longer consents to this action being adjudicated by" Judge Aaron and alleges that Judge Aaron is biased against him. *Id.* at 1. Plaintiff's consent is not required for the Court to refer to a magistrate judge non-dispositive motions, such as a motion to amend. Nor is such consent required for the Court to request a report and recommendation on a dispositive motion, such as the motion for a preliminary injunction and temporary restraining order. Fed. R. Civ. P.

3

72. Further, the Court has reviewed the R&R and it does not evidence any bias against Plaintiff.

As to the motion to amend, Plaintiff objects to the R&R's determination that adding three individual defendants who work for Avo Shopping Company would be futile, and the R&R's treatment of Avo Shopping Company as an entity separate from its employees. Pl. Obj. at 1–3. The Court has reviewed the R&R as it relates to the motion to amend, a non-dispositive motion, and finds that it is not clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a).

With respect to the motion for a preliminary injunction and temporary restraining order, which is a dispositive motion, Plaintiff objects to the R&R's determination that he is unlikely to succeed on the merits of his First Amendment claim. Pl. Obj. at 3–5. The Court shall review this portion of the R&R *de novo*. To claim that the government violated an individual's free exercise of religion as protected by the First Amendment, a plaintiff must show "that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable."[2] *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2422 (2022) (quotation marks and citation omitted). Should a plaintiff make such a showing, the government action is subject to strict scrutiny review. *Id.* If not, rational basis review applies. *Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014). Here, the vaccine order (the "Order")[3] is neutral and generally applicable because it does not single out any religion or religious conduct, and applies to all employees and employers. *See generally* Order; *see also* ECF No. 21-1 at 4–5. Further, the Order provides for exemptions for sincerely held

---

[2] A plaintiff may also show that there was an expression of official hostility to religion and laws or policies that burden his religious exercise. *Kennedy*, 142 S.Ct. at 2422 n.1. Plaintiff has made no such argument in his objections. *See generally* Pl. Obj.

[3] On December 13, 2021, the Commissioner of the City Department of Health and Mental Hygiene issued the Order, which requires vaccination against COVID-19 for workers in New York City. *See* Order of the Commissioner Of Health and Mental Hygiene to Require COVID-19 Vaccinations in the Workplace (the "Order"), https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-workplace-requirement.pdf. The Order underlies Plaintiff's claims in this case.

religious beliefs or observations. Order at 5; ECF No. 21-1 at 4. Therefore, rational basis review applies, and, the Court finds that the City's rationale for implementing the Order is sufficient to survive rational basis review. The Order was aimed at "prevent[ing], mitigate[ing], control[ling], and abat[ing]" the "public health emergency" caused by COVID-19. Order at 3. It was rational for the City to determine that vaccination against an infectious disease would reduce its spread, and help protect the health of City residents. Therefore, I find that it is unlikely Plaintiff will succeed on his First Amendment challenge, and the Court concurs with the analysis set forth in the R&R. *See* R&R at 9–10. The Court has reviewed the remainder of the R&R as it relates to the motion for a preliminary injunction and temporary restraining order and finds that it is not clearly erroneous nor contrary to law.

Accordingly, Plaintiff's objections lack merit and are OVERRULED, and the Court ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R in its entirety, and Plaintiff's motion for a temporary restraining order and preliminary injunction is DENIED. Further, the Court finds no merit in Plaintiff's objections to the R&R's resolution of the motion to amend, and, therefore, those objections are OVERRULED. The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated:  August 17, 2022
          New York, New York

_____
ANALISA TORRES
United States District Judge