UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mandela Brock,

          Plaintiff,

-against-

THE CITY OF NEW YORK; Eric Adams (in his personal Capacity), THE AVO SHOPPING COMPANY,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/10/2023

21 Civ. 11094 (AT) (SDA)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Mandela Brock, brings this action against Defendants the City of New York (the "City"); Eric Adams, in his personal capacity (together with the City, the "Moving Defendants"); and Plaintiff's employer, the Avo Shopping Company ("Avo Shopping"); alleging that the COVID-19-related order issued by the Commissioner of the City Department of Health and Mental Hygiene requiring vaccination for workers in New York City violated his rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. SAC, ECF No. 36; *see also* ECF No. 2. On October 14, 2022, the Moving Defendants filed a motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 44. On October 17, 2022, the Court referred the motion to the Honorable Stewart D. Aaron for a report and recommendation. ECF No. 47.[1]

Before the Court is Judge Aaron's Report and Recommendation (the "R&R"), dated January 3, 2023, which recommends that the motion to dismiss be granted and that the Court order Plaintiff to show cause why the claims against Avo Shipping should not be dismissed. ECF No. 52. On January 17, 2023, Plaintiff filed objections to the R&R. Pl. Obj., ECF No. 53.

---

[1] On January 19, 2022, Plaintiff filed a motion by order to show cause for a preliminary injunction and a restraining order. ECF No. 12. On January 20, 2022, the Court referred Plaintiff's application to Judge Aaron for a report and recommendation. ECF No. 17.

For the reasons stated below, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R's conclusions, GRANTS the Moving Defendants' motion to dismiss, and ORDERS Plaintiff to show cause by **July 24, 2023**, why the claims against Avo Shopping should not be dismissed.[2]

## DISCUSSION[3]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[2] The Court agrees with Judge Aaron that because of his recommendation "that the Court dismiss the [second amended complaint] against the Moving Defendants, there is no need to address the Moving Defendants' argument that the requests for declaratory and injunctive relief are moot." R&R at 11 n.9. Accordingly, Plaintiff's motion for a preliminary injunction and a restraining order is DENIED as moot.
[3] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–3, and, therefore, does not summarize them here.

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.    Plaintiff's Objections

Plaintiff's objections to the R&R do not trigger *de novo* review. Plaintiff's objections are conclusory and general, or restate his original arguments. *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1. Plaintiff also accuses Judge Aaron of "engaging in judicial bias" for recommending that the Moving Defendants' motion be granted. Pl. Obj. at 1; *see also id.* at 2, 12, 17. Plaintiff provides no support for his assertion. Accordingly, Plaintiff's objections are OVERRULED.

The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Plaintiff's objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objections to the R&R, ADOPTS the R&R's conclusions, and GRANTS the Moving Defendants' motion to dismiss. Plaintiff's claims against the Moving Defendants are DISMISSED without prejudice.

Plaintiff is further ORDERED to show cause by **July 24, 2023**, why the claims against Avo Shopping should not be dismissed as derivative of Plaintiff's claims against the City.

The Clerk of Court is directed to terminate the motion at ECF No. 44 and mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: July 10, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge