```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANDELA BROCK,

                Plaintiff,

        -against-                                    21 Civ. 11094 (AT)

THE CITY OF NEW YORK; Eric Adams (in his personal    ORDER
Capacity), THE AVO SHOPPING COMPANY,

                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/28/2023_

ANALISA TORRES, District Judge:

      Plaintiff *pro se*, Mandela Brock, commenced this action against Defendants the City of New York (the "City"); Eric Adams, in his personal capacity (together with the City, the "Moving Defendants"); and Plaintiff's employer, the Avo Shopping Company ("Avo Shopping"); alleging that the COVID-19-related order issued by the Commissioner of the City Department of Health and Mental Hygiene requiring vaccination for workers in New York City violated his rights under the First, Fourth, and Fourteenth Amendments of the U.S. Constitution. SAC, ECF No. 36; *see also* ECF No. 2. On October 14, 2022, the Moving Defendants filed a motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 44. On July 10, 2023, the Court adopted the report and recommendation of the Honorable Stewart D. Aaron dated January 3, 2023, which recommended that the motion to dismiss be granted and that the Court order Plaintiff to show cause why the claims against Avo Shopping should not be dismissed, R&R, ECF No. 52. Order, ECF No. 54.[1] The Court dismissed Plaintiff's claims against the Moving Defendants without prejudice, and ordered Plaintiff to show cause by July 24, 2023, why the claims against Avo Shopping should not be dismissed as derivative of Plaintiff's claims against the City. Order at 4.

      On July 24, 2023, Plaintiff filed his response to the Court's order to show cause. ECF No. 55. Plaintiff argues that Avo Shopping "was acting jointly [with the City] in enforcing and mandating [t]he . . . vaccination mandate." *Id.* ¶ 9. Plaintiff states "that it does not matter whether he objects to dismissing . . . Avo Shopping . . . from the action, or not, the 'S[overeign]' D[istrict of] N[ew] Y[ork], is going to act in bad faith and ignore all of the facts of this case." *Id.* ¶ 10 (quotation marks omitted).

      The Court concludes that Plaintiff's claims against Avo Shopping are derivative of his claims against the City. *Compare* R&R at 9–10, *with* ECF No. 55 ¶ 10, *and* ECF No. 53 ¶ 46 ("The claims are clear for [sic] . . . Avo [Shopping] were [sic] operating as state actors [sic] . . . ." (quotation marks omitted)). Because the Court dismissed Plaintiff's claims against the City without prejudice, it shall do the same with the derivative claims. Plaintiff's assertions of "bad faith" lack support and are without merit.

---

[1] Avo Shopping has not been served and has not appeared in this action.

Accordingly, Plaintiff's claims against Avo Shopping are DISMISSED without prejudice.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: July 28, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge